MEMORANDUM **
Manuel Cabrera-Alejandre (“Cabrera”) appeals the district court’s trial instruction that defense counsel should phrase the government’s burden of proof as “beyond a reasonable doubt” rather than “beyond any reasonable doubt.” Cabrera also appeals the ninety-month sentence imposed after his guilty-plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.
*817 1. The district court did not abuse its discretion by requiring defense counsel to describe the government’s burden of proof as “beyond a reasonable doubt,” a correct statement of law, in closing argument. See Oregon v. Ice, — U.S. -, 129 S.Ct. 711, 714, 172 L.Ed.2d 517 (2009) (describing the jury’s historic function as “determining whether the prosecution has proved each element of an offense beyond a reasonable doubt”). While “beyond any reasonable doubt” may also be a correct formulation, the phrases have the same meaning to a jury. There was no structural error or violation of a constitutional right. See United States v. Spillone, 879 F.2d 514, 518 (9th Cir.1989) (“The trial court has broad discretion in controlling closing arguments, and, in the absence of an alleged violation of specific constitutional rights, we will apply an abuse of discretion standard of review.” (internal quotation marks omitted)).
2. The district court did not err by imposing a sixteen-level sentencing enhancement for Cabrera’s prior conviction under California Penal Code section 288(a). See U.S.S.G. § 2L1.2(b)(l)(A)(ii) (2007). We previously have held that section 288(a) categorically constitutes a “crime of violence” under the approach set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). See United States v. Medina-Maella, 351 F.3d 944, 947 (9th Cir.2003); United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir.1999). For the reasons explained in United States v. Medina-Villa, 567 F.3d 507, 511-16 (9th Cir.2009), our recent decision in Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008) (en banc), does not change this conclusion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.